SMITH, J.,
prepared and delivered the opinion of the Court.
In this Case, the prisoner was indicted for a Rape. The Indictment contains three Counts, but the questions adjourned arise under the second Count only, which charges that the prisoner, on the 21st June, 1820, with force and arms, at the county, &c. in and upon one Nancy Geer, a female child under the age of ten years, then and there being, &c. forcibly and feloniously did,ravish and carnally know, and abuse, the said Nancy Geer, against the will, and without the consent, of her the said Nancy Geer, contrary to the Statute in such case madé and provided, &c.
The prisoner having pleaded not guilty, was put upon his trial, and the jury rendered a verdict finding the prisoner guilty upo'n the second Count, and that he be confined in the Penitentiary for the term of one year, no notice being taken in the verdict of the first and third Counts.
The prisoner afterwards moved the Court to set aside the verdict, and award hith a new trial, upon the ground ■ that the verd'ict was contrary to the evidence, and also defective in not finding as to the first and third Counts : he also prayed that the verdict might be arrested for the following reasons : 1. Because the said Indictment does riot allege or aver that the said Bennet is á free person. 2. Because the person on whom the *215 Rape is alleged to have been committed, is not stated in the second Count to be a woman child. 3. Because the said crime is not alledged to have been committed unlawfully. 4. Because there is no crime sufficiently charged upon the said Bennet, in the said second Count. The Superior Court considering the questions of Raw arising upon the said motion, errors in arrest of judgment, and the verdicts as new and difficult, the Case is adjourned to this Court, for its opinion, and advice upon the following points:
*1. Are the errors assigned, or any of them, sufficient to arrest the judgment ?
2. Upon a conviction under the second Count, is the prisoner to be punished under the first section of the Act, entitled, “An Act for reducing into one Act, the several Acts declaring the punishment in case of Rape,” passed 8th February, 1819, (a) or is judgment to be rendered under the third section of the Act, — or is he punishable as for a Rape at Common Raw ?
3. Ought the verdict to be set aside, and a new trial awarded, on the ground of the verdict being defective, or on the ground of its being contrary to evidence, which evidence is spread on the record ?
The first question for the consideration of the Court is, whether the errors assigned are sufficient to arrest the judgment. The first error assigned is, that the prisoner is not stated to be a free person. If this objection were a good one, it might be made to every Indictment in the Superior Courts; for it has been the invariable practice not to allege that the prisoner is a free person, nor can the Court perceive any necessity for doing so. Every person indicted is presumed to be free until the contrary appears. If the fact is not so, he should take advantage of it by a plea to the jurisdiction of the Court.
The second error alleged is, that the person on whom the offence is charged to have been committed, is not stated to be a woman child. Those are the terms in the third section of the Act aforesaid, upon which the second Count was supposed to have been framed. The charge in the Indictment is, that the offence was committed upon Nancy Geer, a female child, and the Court is at a loss to conceive how a distinction can possibly be taken between the two terms. But, if there be an error in not keeping close to the words of the Act in this respect, we are all of opinion, that it is cured by the Statute of Jeofails, since “the offence is plainly, and in substance, set forth with convenient certainty.”
The third error is, that the offence is not charged to have been unlawfully committed. The words used in the third section of the Act, (a) are, “If any person shall unlawfully and carnally know and abuse any woman child, under ’^the age of ten years, every such unlawful and carnal knowledge shall be felony,” &c. It is true, that in Indictments on Statutes, we ought to keep close to the words of the Statute, and we do not mean to decide whether, if the objection had been taken in due time, it would have been necessary to have used this particular word in this Indictment, or whether other words, clearly and manifestly shewing it to be an unlawful act, would have been sufficient, because we are all of opinion, that if this Indictment is defective in this particular, it is too late to take the objection after a verdict, and that it is cured by the before mentioned Statute of Jeofails, in Criminal Cases : if, indeed, the word unlawful were a word of art, as “murder, rapuit,” &c. it would not certainly be cured by the Act of Jeofails, but it is clear that in the Act against Rape, it is not so to be considered, and therefore the Act of Jeofails applies to it.
The fourth error assigned is, in general, that there is no crime sufficiently charged in the second Count. If there be any other defect than those before alleged, it is not pointed out, and the Court are unable to perceive any. It seems, therefore, that there is no error sufficient to arrest the judgment.
The next question in the order which seems most proper to consider them, is, whether the verdict ought to be set aside as defective, in not finding as to the first and third Counts. The only reason upon which the prisoner could found this objection, would be, that being put upon his trial, and the Commonwealth not having exhibited evidence sufficient to convict him on the first and third Counts, he' was entitled to an acquittal as to them. The Court understand the Raw to be, that in rendering judgment in this Case, it would be the duty of the Court to pronounce a judgment of acquittal on those Counts ; if so, it would be useless to set aside the verdict and have a new trial, when the object would be attained upon the present verdict.
As to the motion to set aside the verdict on the ground of its being contrary to evidence, the Court has inspected the evidence, and although it does not contain direct and positive evidence of the fact charged, yet there is strong circumstantial evidence, which it was the province of the jury to weigh and consider, and the jury having done so, and found the prisoner guilty, and the Court which heard the evidence, having thought there was no ground for a *new trial, it would be an unwarrantable assumption of the powers of the jury for this Court to undertake to weigh the evidence, and set aside the verdict.
The remaining point to be considered is, whether the prisoner, upon conviction under the second Count, is to be punished under the first section of the Act aforesaid, or is judgment to be rendered under the third section of the Act, or as for a Rape at Common Raw. The first section of the Act provides, that “ if a man shall ravish a woman, married, maid or other, if she consent not before nor after, the person so offending shall be adjudged a felon, and if a free person, shall be sentenced to undergo a confinement, &c.” for ten or twenty-one years. The third section provides, that “if any person shall unlawfully, and carnally know and abuse any woman child under the age of ten years, *216 every such unlawful and carnal knowledge shall be felony,” and the person punishable from one to ten years. The second Count in the Indictment, charges that the prisoner did forcibly and feloniously ravish, and carnally know, and abuse the said Nancy Geer, against the will and without the consent of her the said Nancy Geer, and also states that she is under ten years of age. If her age had not been so stated, this would have been unquestionably a good Count under the first section of the Act, and the doubt was, whether the first section ought not to be construed as applying to all cases of Rape, without regard to the age, where it was committed forcibly, and against the will and without the; consent of the person injured, and" that the third section should be considered as applicable to cases where the act was committed upon a female under ten years of age with her consent. Upon reference to the English Authorities, (b) it is found, that it was anciently doubted whether a Rape could be committed upon a child under ten years of age: and therefore, says Chitty, the Act of 18 Elizabeth, ch. 7, § 4, was passed. The third section of our Act, is an exact copy of this Statute of Elizabeth, which has been always considered in England as well applicable to cases where she did not consent, as where she did. The authorities going to shew that a Rape at Common Eaw might be committed on a female under ten years, consider it immaterial whether she ^consent or not: the Common Eaw principle is, that a child under ten years of age is incapable of consenting ; and the first section of the Act in question, using the expression, “ if she consent not before nor after,” must be construed as applying to persons of capacity in Law to consent; for it cannot be supposed that if the Legislature had intended to establish a new principle, contrary to the Common Law, and contrary to the construction which the Statute of Elizabeth had received, (and from which our third section is copied,) that it would have been left to such a doubtful implication.
The proper construction of the Act seems to be, that the first section is applicable only to cases of a Rape on a female above ten years of age ; and the third section, to cases where she is under ten years, whether she consent or not. Although the second Count alleges more than was necessary to be stated or proved, (c) yet, as it does not shew that the prisoner was guilty of any higher, or other offence than those to which the third section of the Act is applicable, (d) the second Count may be regarded as an Indictment under that section, and so far as it states more than was necessary, it may be considered as surplus-age'.
The following was entered as the judgment-of the Court:
“The Court is unanimously of opinion, and doth decide,
1. That the errors assigned- are not sufficient to arrest the judgment.
2. That the verdict ought not to be set aside, on the ground of its being defective, nor on the ground of its being contrary to evidence.
3. Upon conviction of the prisoner under the 2d Count, he is not punishable under the 1st section of -the Act, nor as for a Rape at Common Law, but judgment should be rendered in this Case under the 3d section of the Act against Rape.”

 1 Rev. Code of 1819, ch. 158, § 1 and 3.

 3 Chitty’s Cr. Law, 574. He cites 1 Hale, 630; Dyer, 304.

 Alleges more, in this “ did forcibly ravish,” and “ against the will and without the consent of her,” &c.

 Because the offence is charged to have been committed on a female under ten years.